UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABDO HIZAM,

                    Plaintiff,

- against -

JOHN F. KERRY, Secretary of State, United States Department of State; UNITED STATES DEPARTMENT OF STATE; UNITED STATES OF AMERICA,

                    Defendants.

No. 11 Civ. 7693 (JCF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/14

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

---

    WHEREAS, plaintiff Abdo Hizam ("Hizam") was born in Yemen in 1980;

    WHEREAS, in 1990, Hizam's father (Ali Hizam), a naturalized citizen of the United States, applied to the U.S. consulate in Yemen for a Consular Report of Birth Abroad of a Citizen of the United States ("CRBA") and a U.S. passport for Hizam, truthfully representing that Hizam was born in wedlock in Yemen in October 1980, that Ali Hizam was a naturalized citizen of the United States, and that Ali Hizam had been physically present in the United States for approximately seven years prior to Hizam's birth;

    WHEREAS, a consular officer of the U.S. Department of State (the "State Department"), through his/her sole error, issued Hizam a CRBA and U.S. passport, although Ali Hizam did not meet the applicable statutory physical presence requirements to transmit citizenship to Hizam at birth;

    WHEREAS, Hizam later came to the United States, and the State Department renewed Hizam's U.S. passport in 1995 and 2001;

WHEREAS, in 2011, the State Department revoked and canceled Hizam's CRBA and U.S. passport on the basis that Hizam is not a U.S. citizen and so is not entitled to a CRBA or a U.S. passport;

WHEREAS, on October 28, 2011, Hizam commenced an action in this Court seeking, among other things, a declaration under 8 U.S.C. § 1503 that he is a citizen of the United States, and the parties cross-moved for summary judgment;

WHEREAS, on July 27, 2012, the district court issued a decision ordering the State Department to reissue the CRBA to Hizam, and the State Department complied;

WHEREAS, defendants appealed to the United States Court of Appeals for the Second Circuit, and on March 12, 2014, the Second Circuit issued a decision reversing this Court's July 27, 2012, decision and remanding the case to this Court with instructions to dismiss the complaint;

WHEREAS, on April 28, 2014, Hizam filed a petition for panel rehearing or rehearing en banc; and

WHEREAS, on [date], the court of appeals granted the parties' joint motion to remand this action to this Court; and

WHEREAS, the parties have consented to resolution of this action upon the terms set forth below; now, therefore,

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1.      The State Department agrees that, in the erroneous 1990 decision to approve and issue the CRBA, the consular officer effectively adjudicated on February 18, 1990, the essential facts necessary for a Form I-130, Petition for Alien Relative, benefiting Hizam as the minor child of a U.S. citizen to be approved in 1990. Accordingly, the erroneously approved CRBA

application is now deemed by this Court to be an I-130 petition approved on February 18, 1990. The State Department further agrees that it will cooperate with U.S. Citizenship and Immigration Services ("USCIS") as may be required or requested in resolving the adjudication of any Form I-485, Application to Register Permanent Residence or Adjust Status, filed by Hizam based on this order deeming such Form I-130 petition to have been approved in 1990.

2. The State Department has discussed this case with USCIS, which is not a party to this action, and understands that USCIS will adjudicate an application for adjustment of status upon entry by the Court of this Stipulation and Order, deeming the CRBA application the effective equivalent of an I-130 petition approved on February 18, 1990. The State Department understands that USCIS will adjudicate this application upon receipt of a properly filed Form I-485, including payment of all applicable fees, from Hizam seeking adjustment of status to lawful permanent resident. Hizam must still demonstrate that he is otherwise eligible for adjustment of status pursuant to all applicable statutory and regulatory requirements. If USCIS approves Hizam's application for adjustment of status, he will be deemed to have acquired lawful permanent resident status for all purposes, including establishing eligibility for naturalization, as of the date the application is approved, as provided in section 245(b) of the Immigration and Nationality Act, 8 U.S.C. § 1255(b).

3. Hizam, consistent with the Second Circuit's recognition that he is not a U.S. citizen, and no later than the date his I-485 application for adjustment of status is filed, will surrender the passport and CRBA currently in his possession to the United States. Further, Hizam will not rely on the CRBA for any purpose other than as may be required by USCIS in conjunction with the filing and adjudication of Hizam's Form I-485 application for adjustment of

status with USCIS, with a recognized priority date of February 18, 1990, as provided in this Stipulation and Order.

4. The settlement shall be in full settlement of any and all claims that Hizam or his children have or may hereinafter acquire against the United States, or any of its present or former departments, agencies, agents, officials, or employees, on account of the facts, events, and circumstances giving rise to this action, and any claims incident thereto. Nothing in this Stipulation precludes Hizam from bringing a new action, following the dismissal of this action as provided in paragraph 6, asserting any claim arising out of USCIS's adjudication of his I-485 application for adjustment of status, as described above, nor does it preclude the United States or any of its departments, agencies, agents, officials, or employees from asserting any defense, jurisdictional or otherwise, to such claims.

5. This Stipulation shall not constitute an admission of liability or fault on the part of the defendants.

6. Upon the adjudication by USCIS of Hizam's I-485 application for adjustment of status described in paragraph 2, this action shall be dismissed with prejudice, and without interest, costs, or fees, including attorney's fees under the Equal Access to Justice Act, to any party. The parties shall provide joint status reports to the Court every sixty days from entry of this order until such time as Hizam's I-485 application for adjustment of status has been adjudicated by USCIS. If Hizam does not file an I-485 application for adjustment of status with USCIS within thirty days of the entry of this stipulation and order by the Court, this action shall be dismissed with prejudice, and without interest, costs, or fees, including attorney's fees under the Equal Access to Justice Act, to any party.

7.  Hizam and the defendants understand and agree that this Stipulation contains the entire agreement between and among them, and that any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall have no force or effect. Moreover, the rule of construction to the effect that any ambiguities in this agreement are to be resolved against the drafting party shall not be employed in the interpretation of this agreement.

| | |
|---|---|
| New York, New York<br>December _11_, 2014 | New York, New York<br>December _15_, 2014 |
| WASHINGTON SQUARE LEGAL<br>SERVICES<br><br>ROPES & GRAY LLP<br><br>Attorneys for Plaintiff<br><br>_/s/_<br>Nancy Morawetz, Esq.<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>(212) 998-6430<br><br>Matthew J. Moffa, Esq.<br>1211 Avenue of the Americas<br>New York, New York 10036-8704<br>(212) 596-9711 | PREET BHARARA<br>United States Attorney for the<br>Southern District of New York<br><br>Attorney for Defendants<br><br>_/s/_<br>Shane Cargo, Esq.<br>Benjamin H. Torrance, Esq.<br>Assistant United States Attorneys<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>(212) 637-2711 |

So Ordered:

_/s/ James C. Francis IV_
Hon. James C. Francis IV
United States Magistrate Judge

12/16/14